```
         UNITED STATES DISTRICT COURT FOR THE
               DISTRICT OF NEW HAMPSHIRE
```

Samuel J. Bourne

    v.                                             Civil No. 05-cv-365-JD

Town of Madison et al.

O R D E R

Samuel J. Bourne has moved to dismiss the defendants' counterclaim for abuse of process on the ground that it fails to state a claim for relief. The defendants, who are the town of Madison, New Hampshire, its board of selectmen, the individual members of the board, and Robert D. King, object.[1] Bourne has filed a reply to the defendants' objection.

Bourne has also filed a reply to the counterclaim, so the court must treat his motion to dismiss as a motion for judgment on the pleadings. See Fed. R. Civ. P. 12(c). The "court may enter judgment on the pleadings only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment." Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54 (1st Cir. 2006). In deciding such a motion, the court must "view the facts contained in the pleadings

---

[1] Bourne describes King as having "purportedly served as an unauthorized 'alternate'" on a Madison town committee. First Ver. Am. Compl. ("Compl.") ¶ 6.

in the light most flattering to the nonmovants (here, the [defendants]) and draw all reasonable inferences therefrom in their favor."  Id.; see also R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006).  The following facts are set forth in accordance with this standard.

This action arises out of a dispute between the parties over the use of a road accessing Bourne's property in Madison.  Before Bourne purchased the land, the town administrator told him that, because the road was a class VI highway under state law, Bourne would be required to sign a waiver of the town's liability in connection with the road in order to obtain a building permit.[2]  To this end, the administrator provided Bourne with the "Standard Form Agreement providing for waiver of liability . . . ."  Countercl. ¶ 2.  Bourne, however, "made material revisions to the Standard Form Agreement," id. ¶ 3, viz., the addition of "language that appeared to attempt to restrict the rights of the public over a vaguely worded right of way."  Ans. ¶ 14.  He then

---

[2]Class VI highways generally consist of "public ways" not otherwise classified by Revised Statutes Annotated § 229:5, including "all highways discontinued as open highways and made subject to gates and bars . . . and all highways which have not been maintained and repaired by the town in suitable condition for travel thereon for 5 successive years or more . . . ."  N.H. Rev. Stat. Ann. § 229:5, VI.  A town may elect to "discontinue" a class VI highway, id. § 231:43, which relieves the town "of all obligation to maintain, and all liability incurred in the use of" the road, id. § 231:50.

sent this revised document to the board under cover of a letter that "made no mention of the revisions made to the Standard Form Agreement." Id. ¶ 3. Thus ignorant of the revisions, the members of the board signed the document and caused it to be recorded in the county registry of deeds. Bourne, acting through a trust, subsequently completed his purchase of the property.

After learning of Bourne's "deception," id. ¶ 4, the town brought an action in state court to rescind the agreement. During that litigation, Bourne produced a different version of his cover letter to the board which noted that the enclosed copy of the agreement had, in fact, been "revised." Id. ¶ 5. Bourne claimed that the Board had forged the version of his cover letter which omitted any reference to the revisions.[3] Bourne also installed a steel gate across the road to prevent public access. After Bourne refused to remove the gate, the building inspector denied his request for a building permit, and the town highway department later removed the gate. The parties appeared to resolve their differences on April 13, 2003, when Bourne ultimately signed the town's form waiver agreement, leading to the issuance of a building permit.

---

[3]Bourne's statements to this effect serve as the basis for a counterclaim for defamation asserted by the selectmen in this action. That counterclaim is not the subject of Bourne's motion to dismiss.

Hostilities continued, however.  During 2003, Bourne filed three separate actions against the town in Carroll County Superior Court.[4]  Through these actions, which are still pending, Bourne seeks to relocate the road, to undo its designation as a Class VI highway, and "to remove snowmobile rights on [the road] and on an easement through his property."  Countercl. ¶ 12.  The defendants claim that Bourne's "litigation strategy," as embodied by these lawsuits as well as the instant action, "constitute an abuse of process," id., in that they comprise "a pattern of harassment designed to pressure the Town into relinquishing public rights of way . . . ."[5]  Id. ¶ 14.  In particular, the defendants allege that Bourne has filed "numerous, groundless motions seeking injunctions and even grand jury investigations" in the state court proceedings.  Id. ¶ 12.  They also allege that

---

[4]The counterclaim does not identify the dates Bourne commenced any of these lawsuits, but simply gives their docket numbers.  Although the defendants allege that Bourne filed these suits against the "Town," rather than the Board or any of the individual defendants, Countercl. ¶ 12, the court will assume for purposes of this motion that the state court lawsuits named the same defendants as this one.

[5]Bourne's complaint in this action asserts numbered counts for (I) violations of his rights to due process and equal protection pursuant to 42 U.S.C. § 1983, (II) breach of contract, (III) fraud/deceit, (IV) negligence, (V) "estoppel," (VI), interference with contractual relations, (VII) declaratory relief, and (VIII) injunctive relief.  Bourne also seeks compensatory and punitive damages.

Bourne's actions have caused them damages, including legal fees.

"A party claiming abuse of process must prove the following elements: (1) a person used (2) legal process, whether criminal or civil, (3) against the party, (4) primarily to accomplish a purpose for which it is not designed and (5) caused harm to the party (6) by the abuse of process." Long v. Long, 136 N.H. 25, 29 (1992). Bourne argues that the defendants have failed to state a claim for abuse of process because they have not alleged that he used any "legal process" against them. The defendants respond that their counterclaim "rel[ies] upon the existence of the pending litigation in this and the Carroll County Superior Court, which obviously meet the requirement for 'process.'" Mem. Supp. Obj. Mot. Dismiss at 3.

Under New Hampshire law, however, "[t]he institution of an action is not a process of the court" giving rise to an abuse of process claim. Bus. Publ'ns, Inc. v. Stephen, 140 N.H. 145, 148 (1995) (internal quotation marks omitted); see also Cabletron Sys., Inc. v. Miller, 140 N.H. 55, 58 (1995); Restatement (Second) of Torts § 682 cmt. a (1977). The mere "existence" of the complained-of proceedings, then, cannot support the defendants' abuse of process claim, regardless of Bourne's allegedly improper motives in commencing them. See Bus. Publ'ns, 140 N.H. at 148-49 ("that the [plaintiff] may have had an

5

ulterior purpose or bad motive in filing suit . . . cannot be construed as having any relation to a process of the court") (internal quotation marks omitted; ellipse in original).

Instead, to support a claim for abuse of process, the "process" must comprise "some form of compulsory process forcing the performance or forbearance of some prescribed act." Long, 136 N.H. at 31 (internal quotation marks omitted). The defendants do not allege that Bourne employed any such "process" as part of any of the proceedings against them. Although they claim that Bourne has filed "motions seeking injunctions and even grand jury investigations," Countercl. ¶ 12, they do not allege that any of this relief was granted. As the New Hampshire Supreme Court made clear in Long, unsuccessful motions for judicial relief do not amount to "process" for purposes of the tort, even if the relief itself might have. 136 N.H. at 31-32 (affirming summary judgment on abuse of process claim based on motion for contempt never decided by court). The counterclaim therefore fails to state a claim for abuse of process.

## Conclusion

For the foregoing reasons, Bourne's motion to dismiss the defendants' counterclaim for abuse of process (document no. 14) is GRANTED as a motion for judgment on the pleadings as to Count

II of the counterclaim.

The court further notes, in connection with Bourne's eight-count complaint, that scattershot pleading is not favored. The court expects Bourne to review his complaint with a view to eliminating any count that is unnecessary or redundant because it does not materially differ from another count in terms of the elements that must be proved, or the remedy available.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

July_6, 2006

cc:   Brian J.S. Cullen, Esquire
      Richard A. Hampe, Esquire
      Richard D. Sager, Esquire
      Gerald F. Williamson, Esquire