UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Samuel J. Bourne

    v.                                  No. 05-cv-365-JD
                                          Opinion No. 2006 DNH 136

Town of Madison et al.


O R D E R

Plaintiff, Samuel J. Bourne, moves to amend his first amended complaint. The defendants, who are the town of Madison, New Hampshire, its board of selectmen, the individual members of the board, and Robert D. King, who allegedly served as an unauthorized alternate on a Madison town committee, object.

After a responsive pleading has been served, the plaintiff may amend the complaint only by the consent of the defendant or leave of the court. Fed. R. Civ. P. 15(a). Although leave to amend "shall be freely given when justice so requires," id., "the liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases." Invest Almaz v. Temple-Inland Forest Prods. Corp., 243 F.3d 57, 71 (1st Cir. 2001) (internal quotation marks omitted). For example, leave to amend need not be granted where the amendment "would be futile, or reward, inter alia, undue or intended delay." Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) (internal quotation marks omitted). Moreover, after the deadline set forth

in the scheduling order for filing an amendment has passed, "the liberal default rule is replaced by the more demanding 'good cause' standard of Fed. R. Civ. P. 16(b)." Id.; Fed. R. Civ. P. 16(b) ("A schedule shall not be modified except upon a showing of good cause and by leave of the district judge."). It is incumbent upon the party moving to amend in such circumstances to explain the reason for the late filing. "[I]ndifference by the moving party seal[s] off this avenue of relief . . . because such conduct is incompatible with the showing of diligence necessary to establish good cause." O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 155 (1st Cir. 2004) (internal quotation marks omitted).

This case began in June 2005 when Bourne filed a complaint in Massachusetts federal district court alleging constitutional violations and violations of state law in a land use dispute with the town. In a nutshell, the dispute concerns the use of an access road on Bourne's property in Madison. Bourne believes he is entitled to exclude the public from the road, and the town believes otherwise.[1]

---

[1] The disputes between Bourne and Madison have not been limited to federal court. In 2003, the town brought an action in Carroll County superior court challenging the validity of an agreement between Bourne and Madison that purported to grant Bourne exclusive use of the access road. The parties ultimately settled that case and executed a release the scope of which is a disputed issue in this case. Bourne has also initiated a series of suits in state court challenging the legal classification of the road. These actions have been consolidated, and trial is

Bourne filed his first amendment to the complaint while the case was still in Massachusetts. After the case was transferred here, the court approved the parties' proposed discovery plan and adopted it as the pretrial scheduling order. See Fed. R. Civ. P. 16(b), 26(f). The scheduling order provided that discovery would be completed, and any dispositive motions for summary judgment would be filed, by September 30, 2006. The scheduling order also provided that Bourne had until March 1, 2006, to amend his complaint.

On July 6, 2006, the court granted Bourne's motion to dismiss the defendants' counterclaim alleging abuse of process. The court concluded that order by noting its disfavor for "scattershot pleading" and its expectation that Bourne would "review his complaint with a view to elimination of any count that is unnecessary or redundant because it does not materially differ from another count in terms of the elements that must be proved, or the remedy available."

Following that order, the defendants requested Bourne to remove any claims from his complaint that he could agree were redundant or that were already under consideration in parallel state court proceedings. Bourne's counsel agreed that they would "amend[] the Complaint pursuant to the Court's 6 July 2006

---

pending.

Order."  Reply at 8.  Based on this assurance from Bourne's counsel, the defendants filed an assented-to motion to extend the time for filing summary judgment motions.  The defendants hoped that the requested 21-day extension would "permit the plaintiff to file his amended complaint and allow the defendants to submit a motion addressing only such Counts remaining."  Mot. to Extend at 2-3.  The court granted that motion, extending the summary judgment deadline to October 21, 2006.  On October 2, 2006, Bourne filed a motion to amend and served his second amended complaint.[2]

Unfortunately, Bourne's proposed second amended complaint does little to reduce the redundancies in the first amended complaint.  More distressing, contrary to the court's direction in the July 6 order, the second amended complaint <u>adds</u> several new claims.  Bourne provides no explanation for why these new claims have surfaced so late in the proceeding.  He argues that he is merely complying with the court order to amend his complaint to "rectify problems associated with 'scattershot pleading.'"  Reply at 2.  Thus, he asserts that he amended the complaint to provide better "organization" of his claims.

---

[2]Because of the fast approaching deadline for summary judgment motions, the defendants were forced to file a motion for summary judgment before this court could rule on the motion to amend the complaint.  The defendants' summary judgment motion appears to respond solely to the first amended complaint.

Bourne misinterprets the import of the court's "scattershot" analogy.  Bourne was not ordered to file an amended complaint, nor was he ordered to reorganize his complaint.  Rather, he was warned that the court does not favor an approach to pleading whereby the plaintiff attempts to allege every possible claim that he can imagine in hopes that one of them might hit its target.  See The Random House Dictionary of the English Language 1712 (2d ed. 1987) (unabridged) (defining "scattershot" as a shot "delivered over a wide area and at random").  Other courts have used similar analogies to note displeasure with such litigation strategy.  See, e.g., Confederated Tribes of Siletz Indians of Or. v. Weyerhaeuser Co., No. 00-1693, 2003 WL 23715982 at *5 (D. Or. 2003) (unpublished) ("Plaintiff has employed the venerable 'toss a plate of spaghetti at the wall and hope some of it sticks' approach.").  In short, the court's July 6 order did not invite the addition of new claims and Bourne has presented no satisfactory justification for presenting new claims at this late stage -- one year after the transfer and seven months after the scheduling order deadline for amendments.  Cf. O'Connell, 357 F.3d at 155.

Nevertheless, the court will exercise its discretion to grant the motion to amend in part.  The second amended complaint is better organized and does provide a somewhat more coherent

explanation of Bourne's claims. It also narrows the relief sought. Finally, the court has not found, nor have the defendants objected to, any new material factual allegations in the second amended complaint. Therefore, the court will allow the second amended complaint to serve as the operative complaint subject to the limitations that follow. Those claims in the second amended complaint that, on a fair reading, could have been considered to have been pleaded in the first amended complaint will remain. However, those claims that spring anew from the second amended complaint will be disallowed.

There are three new counts in the second amended complaint: fraud in the inducement, breach of the duty of good faith and fair dealing, and nuisance. With good reason, the defendants object to these newly presented claims. In response, Bourne argues that:

> Breach of Good Faith and Fair Dealing has been broken out as a logical outgrowth and implicit part of the Breach of Contract claim set forth in Count II; Fraud in the Inducement has been [] an outgrowth of the breach of contract and fraud claims and based on the allegations in the original complaint; and a count for nuisance [was] implicit in the long dissertation of factual occurrences in the case.

Reply at 7.

A plaintiff may not plead claims by implication. Even under the liberal pleading regime, "a defendant must be afforded both adequate notice of any claims asserted against him and a meaningful opportunity to mount a defense." Díaz-Rivera v.

6

Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). The federal rules require, at a minimum, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The first amended complaint did not give the defendants a whiff of the above claims. Bourne's addition of these claims, following the court's order urging a narrowing of issues, attests to the apparent willingness of his counsel to evade the orders of this court.

The second amended complaint, like the first, asserts an estoppel claim. The two claims are, however, materially different. The first amended complaint alleged that Bourne had relied to his detriment on several easements that had been granted to the town that Bourne believed restricted the public's use of the disputed property. The second amended complaint alleges that Bourne detrimentally relied on direct promises of the defendants concerning the public's right to use the property and to grant Bourne a building permit. Because Bourne did not allege the latter claims in the first amended complaint, they cannot be added now. Moreover, since Bourne has not re-alleged the estoppel claim from his first amended complaint, that claim also drops out of the case.

The first count in both complaints alleges violations of the federal and New Hampshire constitutions. The second amended

7

complaint specifically alleges that the town violated Bourne's due process and equal protection rights under the Fourteenth Amendment, and under Part I, Articles 1 and 14 of the New Hampshire constitution.  The defendants object that the second amended complaint adds several new theories of how the town violated Bourne's constitutional rights.  But the first amended complaint expressly incorporated the same factual allegations.  The second amended complaint simply does a better job of directly linking the specific factual allegations to the specific constitutional claims.  Because the first amended complaint adequately put the defendants on notice of the constitutional claims alleged in the second amended complaint, the court will allow amendment of that count.

    The second count in the second amended complaint alleges the breach of two separate contracts.  The first was a standard form waiver that Bourne's attorney altered by adding terms and that the board of selectmen thereafter signed.  The language added to the waiver purported to give Bourne exclusive rights to the access road.  The second agreement was drafted by the board of selectmen after they informed Bourne that the first agreement was invalid because of the language added by Bourne's attorney.  In both agreements the town promised, inter alia, to issue a building permit to Bourne.  The defendants argue that the first amended complaint only alleged a breach of contract as to the

first contract.  The court agrees.  Although the facts are largely the same in both complaints, the first amended complaint clearly limits its breach of contract allegation to the first agreement.  The first amended complaint did not give the defendants fair notice of the second breach of contract claim.

The negligence claim of the first amended complaint is styled in the second amended complaint as a claim of negligent misrepresentation.  Nevertheless, the theory for relief and its factual basis -- that the defendants were negligent in signing the revised waiver agreement because they did not read it -- remains the same.  Moreover, the defendants do not specifically object to this claim.  The defendants also do not object to the second amended complaint's claims of fraud and interference with contractual relations.  Both of these claims were presented in the first amended complaint.  Therefore, the claims of negligent misrepresentation, fraud, and interference with contractual relations will remain.

To summarize, there are five counts remaining in the second amended complaint:  that the defendants (1) violated Bourne's federal and state constitutional rights to due process and equal protection, (2) breached the waiver agreement that had been revised by Bourne's attorney, (3) perpetrated fraud, (4) made a negligent misrepresentation, and (5) interfered with contractual relations.  As to the relief sought, the second amended complaint

seeks monetary damages and an injunction ordering the defendants to "specifically perform their agreements by granting plaintiff a building permit."  These requests for relief will remain in the case.  Bourne has dropped his request for declaratory relief as well as his request for an injunction to prevent the defendants from classifying the access road as a Class VI highway.

Because the defendants had fair notice of the claims outlined above, a reopening of discovery is unnecessary.  Nevertheless, because the second amended complaint more clearly defines Bourne's claims, particularly the constitutional claims, the court will permit the defendants an opportunity to file a supplemental memorandum in support of their motion for summary judgment.

Finally, the defendants request relief in the event the court grants the motion to amend the complaint.  They request the court to stay this case "until the resolution of the pending state court action and schedule a new structuring conference to take place at the conclusion of the state litigation at which time the Court and parties can address the proper scope of federal claims, a new discovery schedule, motion schedule and trial date."  Obj. ¶ 25.  If the defendants would like to pursue a stay, they may file an appropriate motion explaining precisely the grounds for such relief.

## Conclusion

The plaintiff's motion to amend the complaint (document no. 22) is granted in part. The second amended complaint shall serve as the operative complaint to the extent outlined above. If the defendants wish to file a supplemental memorandum in support of their motion for summary judgment, they must do so by December 22, 2006. If Bourne wishes to file an opposition, he may do so by January 5, 2007.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

December 5, 2006

cc:  Brian J.S. Cullen, Esquire
     Rachel A. Hampe, Esquire
     Richard D. Sager, Esquire
     Gerald F. Williamson, Esquire