UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Samuel J. Bourne

   v.                              No. 05-CV-365-JD
                                    Opinion No. 2007 DNH 019

Town of Madison, et al.

O R D E R

This lawsuit arises from a land use dispute between Samuel J. Bourne and the town of Madison, New Hampshire, its board of selectmen, John R. Arruda, Clifford A. Graves, and Eileen T. Crafts, and Robert D. King, a Madison resident who had served on the town's road study committee. At the center of the dispute is an unpaved access road, the "Solomon Harmon Road," that runs onto a 50-acre tract that Bourne purchased in 2002. Bourne believes that he has the right to bar public access to the portion of the road that runs on his property, while the town believes that it is a class VI public road that runs concurrent with an easement allowing public traffic, including, inter alia, snowmobile traffic. Pending before the court are three motions in limine by the defendants and one by the plaintiff, each seeking the exclusion of certain evidence. Also, before the court, is the defendants' motion for summary judgment.

In various filings before this court, both parties have noted the existence of a parallel proceeding between the same parties in the Carroll County Superior Court.[1]  In support of their motion for summary judgment, the defendants argue that several of Bourne's claims are "subsumed by the state court litigation."  Supp. Mem. Mot. Summ. J. at 15; Mem. Mot. Summ. J. at 18-21.  But the record reveals only scant information concerning the subject matter, scope, and progress of the state proceeding,[2] and the defendants have stopped short of urging this

---

[1] The named plaintiff in the state proceedings is Bedrock Realty Trust, which is the owner of the 50-acre tract of property involved in this dispute.  Bourne and his wife had created Bedrock for the purpose of buying that property.  After the dispute with the town began, Bourne's wife removed herself as a trustee leaving Bourne as the sole trustee.  Thus, Bedrock and Bourne are essentially one and the same and the court shall refer to them interchangeably.

[2] In their summary judgment filings, the defendants state that Bedrock filed three actions in the Carroll County Superior Court in 2003:  (1) a petition to relocate the Solomon Harmon Road; (2) a petition to remove the Solomon Harmon Road's class VI road status; and (3) a petition for injunctive relief.  Mem. Mot. Summ. J. at 9.  Additionally, the defendants state that two of Bourne's neighbors sued Bedrock in superior court in 2002, and that all four cases were subsequently consolidated.  Id. at 9 n.7.  Bourne's objection to the defendants' motion for summary judgment acknowledges a consolidated action in state court. Bourne states that the lawsuit concerns the town's claim to use a right-of-way over his property "based upon the alleged existence of a Class VI road over [an] easement and upon an alleged unrestricted easement from Mr. Bourne's predecessor-in-interest to the Town."  Obj. to Summ. J. at 2 n.1.

court to abstain from exercising jurisdiction over the case entirely.

In the defendants' reply to Bourne's objection to the defendants' motion in limine to preclude evidence of road maintenance, the defendants take a more assertive stance, arguing that some of Bourne's claims have already been "fully litigated" and rejected by the state court.  Reply at 2.  The defendants argue that the Rooker-Feldman doctrine[3] bars Bourne from re-litigating those claims in federal court.  The court is skeptical of the application of the Rooker-Feldman doctrine here.  Among other problems, the court sees no indication that there has been a final judgment in the state proceeding.  See Davison v. Gov't of P.R.--P.R. Firefighters Corps, 471 F.3d 220, 222 (1st Cir. 2006) (noting that Rooker-Feldman only applies to "final judgments of state courts").

---

[3]The Rooker-Feldman doctrine arises from two Supreme Court decisions holding that federal courts do not have the authority to review state court decisions.  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).  In Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005), the Supreme Court greatly limited the reach of the doctrine, holding that it is only applicable in cases where "the federal plaintiff seeks redress of an injury caused by an allegedly erroneous state court decision."  Davison v. Gov't of P.R.--P.R. Firefighters Corps, 471 F.3d 220, 222 (1st Cir. 2006) (citing Exxon, 544 U.S. at 284).

With their above-mentioned reply, the defendants attached two orders of the superior court that dispose of a variety of motions that had been filed in the state case. The first order denies Bedrock's motions to (1) order the town to "Plow, Sand and Maintain" the Solomon Harmon Road, (2) order the town to "Use Original Location Of Deeded Right Of Way/Foot Trail, Not The Front Yard Lot-19," (3) "Rule on the Validity of Part Two of the 'Kelsey to Town of Madison' Deed," (4) find the town in contempt of the court's previous orders, and (5) order an immediate grand jury investigation. Bedrock Realty Trust v. Town of Madison, Nos. 03-E-061, 03-E-114, 03-E-144 (Carroll County Sup. Ct. Jan. 15, 2004). In the same order, the superior court granted the town's request for attorney's fees and costs associated with Bedrock's first three motions, and granted the town's request for a preliminary injunction enjoining Bedrock "from making any improvements in the Solomon Harmon Road except in accordance with the provisions" set forth in an earlier letter from Madison's town counsel to Bourne's former attorney. Id.

In the second order, the superior court, inter alia, (1) denied another motion by Bedrock for contempt, (2) denied a motion by Bedrock to compel the production of documents, and (3) granted the town's motion for a protective order. See Bedrock Realty Trust v. Town of Madison, Nos. 03-E-061, 03-E-114, 03-E-

4

144 (Carroll County Sup. Ct. Aug. 25, 2005).  The protective order stated that the town "shall not be required to respond to any further pleadings or discovery requests filed by [Bedrock] after the date of this Order unless [Bedrock] is granted leave to file same by the Court and said pleadings are subsequently entered."  Id.

While these two orders suggest that the superior court has taken a dim view of Bourne's litigation practices, and perhaps of the merits of his claims, they do not purport to be final orders adjudicating Bourne's claims.  To the contrary, the defendants have represented that a trial in the state proceedings is scheduled to begin on March 5, 2007, see Reply at 3, thus indicating that the two orders are merely interlocutory.  To the extent the orders grant and deny injunctive relief, they appear to govern only temporarily, pending the outcome of the trial.

The defendants' in limine memoranda, and the attached superior court orders, have, however, served to better inform this court as to the subject matter and progress of the state court proceeding.  Based on those filings and on Bourne's representations concerning the state court lawsuit, the court believes that a dismissal or a stay of proceedings may be warranted under one of the abstention doctrines.  See generally Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716-17 (1996)

(outlining the different abstention doctrines); see also Rivera-Feliciano v. Acevedo-Vilá, 438 F.3d 50, 59-60 (1st Cir. 2006) (noting that a court may order abstention sua sponte).

Because it is the defendants that have argued that the state lawsuit precludes this court from considering certain issues and evidence, the court believes it is the defendants that should shoulder the burden of establishing the basis for abstention. The defendants are accordingly ordered to show cause why this court should dismiss or stay this case pending resolution of the state proceedings. In so doing, the defendants should supplement the record so that the court will have a more informed understanding of the state court proceedings.

Although the court recognizes that the defendants are free to urge whatever theory of abstention they feel is most appropriate under the circumstances, and that the discrete varieties of abstention are not "rigid pigeonholes into which federal courts must try to fit cases," Rio Grande Cmty. Health Ctr., Inc. v. Rullan, 397 F.3d 56, 68 (1st Cir. 2005) (quotation marks omitted), the court notes, based on its limited understanding of the state proceeding, that Colorado River abstention appears the most readily applicable.

Pullman abstention is ordinarily only appropriate when "a federal constitutional claim is premised on an unsettled question

6

of state law." Rivera-Feliciano, 438 F.3d at 61 (discussing abstention under R.R. Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1941)). Although the underlying state claims here are at least relevant, and arguably important, to the federal claims, it is unlikely that those state claims -- for breach of contract, fraud, negligent misrepresentation, and interference with contractual relations -- involve "unsettled" questions of New Hampshire law. Younger similarly provides an unlikely basis for abstention here because it is only aimed at preventing interference with state criminal proceedings or "coercive" or "quasi-criminal" civil enforcement proceedings. Rio-Grande, 397 F.3d at 69 (discussing abstention under Younger v. Harris, 401 U.S. 37 (1971)). Finally, Burford abstention is limited to preventing federal courts "from bypassing a state administrative scheme and resolving issues of state law and policy that are committed in the first instance to expert administrative resolution." Sevigny v. Employers Ins. of Wausau, 411 F.3d 24, 27 (1st Cir. 2005) (discussing abstention under Burford v. Sun Oil Co., 319 U.S. 315 (1943)) (quotation marks omitted).

 Contrary to the above doctrines, which are primarily grounded on "considerations of state-federal comity or on avoidance of constitutional decisions," Colorado River rests upon "considerations of [w]ise judicial administration, giving regard

7

to conservation of judicial resources and comprehensive disposition of litigation." Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 14-15 (1983) (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)). It seeks to avoid inefficiencies, duplication of effort, and inconsistent judgments. Thus, when a district court is made aware of a parallel, overlapping state proceeding, it may, in limited circumstances, exercise its discretion to discontinue the federal proceeding in deference to the state courts. Rivera-Feliciano, 438 F.3d at 62.

But, although Colorado River may provide the best rationale for abstention in this case, it is by no means a clear winner. Absent a showing of "exceptional circumstances," this court has a "virtually unflagging obligation . . . to exercise the jurisdiction given" to it. Rio Grande, 397 F.3d at 71 (quoting Colorado River, 424 U.S. at 818). To prevail under Colorado River, the defendants must convince this court that the pertinent factors weigh heavily in favor of abstention. See id. at 71-72 (outlining eight factors relevant to a Colorado River analysis). The defendants should also specify the precise relief sought, its basis, and, if a stay is sought, its appropriate duration. See Quackenbush, 517 U.S. at 721 ("[W]hile we have held that federal courts may stay actions for damages based on abstention

principles, we have not held that those principles support the outright dismissal or remand of damages actions."); Currie v. Group Ins. Comm'n, 290 F.3d 1, 11 n.8 (1st Cir. 2002) (noting that it "'is sensible to stay proceedings until an earlier-filed state case has reached a conclusion' on appeal") (quoting Rogers v. Desiderio, 58 F.3d 299, 302 (7th Cir. 1995)).

## Conclusion

The defendants are ordered to show cause why this court should dismiss or stay this case pending resolution of the parallel Carroll County Superior Court proceeding. The defendants may file a memorandum in favor of abstention, together with any supporting materials, by February 23, 2007. The plaintiff may file a memorandum in opposition to abstention by March 9, 2007. The court defers judgment on the motions in limine and the motion for summary judgment.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

February 8, 2007

cc: Catherine M. Costanzo, Esquire
    Brian J.S. Cullen, Esquire
    Rachel A. Hampe, Esquire
    Richard D. Sager, Esquire
    Gerald F. Williamson, Esquire