UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Samuel J. Bourne, Individually
and as Trustee of Bedrock Realty Trust</u>


   v.                                    No. 05-cv-365-JD
                                        Opinion No. 2007 DNH 038

<u>Town of Madison, et al.</u>


O R D E R


This case involves a land use dispute between Samuel J.
Bourne and the town of Madison, New Hampshire, its board of
selectmen, the individual members of the board, and Robert D.
King, who allegedly served as an unauthorized alternate on a town
committee.  Bourne alleges constitutional violations and
violations of New Hampshire law.  The parties have been engaged
in a contentious discovery process for the past year.  On January
8, 2007, the court granted Bourne's motion to compel the
production of documents.  The defendants now move for a
protective order or for reconsideration of that order.  Bourne
objects and moves the court to hold defendants in contempt.


Background

On March 9, 2006, Bourne served the defendants with a
request for documents.  The defendants produced some of the

requested documents, but objected to two specific requests.[1]
Request fourteen asked for all "fax letter/memoranda and letters
from/to Robert King and the Board, as well as from/to Roger Cyr
and the Board, which refer, relate, or evidence in any way [the
property in dispute]."  Request nineteen asked for any documents
"which refer, relate, or evidence in any way the petition by one
or more property owners in the Town requesting the Board to
commence a formal layout procedure under statutory authority of
the [property in dispute] and proceedings resulting therefrom."
The defendants responded that request fourteen sought attorney
work product and documents protected by the attorney-client
privilege.  Additionally, the defendants contended that
compliance with either request would be unduly burdensome because
the same documents had already been provided to Bourne in a
related state case.

On October 31, 2006, Bourne filed a motion to compel the
production of the disputed documents arguing that the defendants
had failed to establish the applicability of the attorney-client
privilege.  Bourne noted that neither Cyr nor King nor any of the
selectmen are attorneys.  To the extent that the selectmen shared
privileged information with King or Cyr, Bourne argued, the

---

[1]The defendants initially objected to a third request, but
they have since produced those documents.

attorney-client privilege was waived by disclosure to a third party.  Finally, Bourne argued that the defendants' claims that King's communications to the selectmen were made at the behest of town counsel and that King was effectively acting as a town official were not supported by the record.

The court agreed, finding that the defendants "failed to demonstrate that the [requested] documents . . . are privileged nor have they provided sufficient reason for not producing said documents."  January 8, 2006 Order (document no. 55).  The court granted the motion to compel and ordered the defendants to produce the relevant documents by January 19, 2007.

Although Bourne received a production of documents on January 19, many of the documents were heavily redacted.[2]  The outside counsel representing the town in this case (and in the related state case) provided a cover letter explaining his decision to withhold "direct communications with me or Town Counsel subsequent to the filing of the federal action. . . . I have produced the to/from, dates, and re lines of these documents in lieu of a privilege log."

---

[2]The defendants claim that sixty-four pages were redacted in whole or in part.  Bourne contends that eighty pages were redacted, fifty-two of which were redacted in their entirety.

On January 24, the defendants moved for a protective order or for reconsideration of the January 8 order.  Bourne objected and moved the court to hold the defendants in contempt.

I.    Defendants' Motion for Protective Order or to Reconsider

The defendants want a protective order to prevent Bourne from obtaining documents allegedly protected by the attorney-client privilege.  In the alternative, they ask the court to reconsider the January 8 order compelling discovery and they invite the court to conduct an in camera review of the disputed documents.  The defendants maintain they complied with the January 8 order by producing all communications between Cyr and the selectmen and all communications between King and the selectmen.  Those documents were produced without redaction, except for communications between King and the selectmen that (1) occurred after the initiation of the present lawsuit, and (2) were communicated directly to either town counsel or the town's outside counsel who is representing the defendants in this suit. The production of redacted documents was intended to give Bourne fair notice of the documents withheld on attorney-client privilege grounds.

The defendants are a dime short and a day (or more) late. First, the defendants cannot ask for an order protecting from

4

discovery the very documents that the court has already ordered the defendants to produce.  The defendants could have requested a protective order earlier in the discovery process and they also had an opportunity to substantiate their privilege claims in objecting to Bourne's motion to compel.  They failed to do either.

Second, the defendants' request for reconsideration of the January 8 order is also late.  Under the local rules, a motion to reconsider an interlocutory order of the court "shall be filed within ten (10) days from the date of the order unless the party seeking reconsideration shows cause for not filing within that time."  LR 7.2(e).  That deadline expired on January 23, 2007, a day before the defendants moved for reconsideration.  The defendants' motion provides no basis to excuse the late filing.

More importantly, the court ordered compliance with its discovery order by January 19.  To avoid violating that order, the defendants should have moved for reconsideration in advance of January 19 and asked for, at a minimum, an extension of the deadline.  The defendants violated the discovery order by failing to produce, by January 19, all documents responsive to requests fourteen and nineteen.  They cannot retroactively cure that violation by subsequently filing a motion for reconsideration.

Even if the court treated the defendants' motion for
reconsideration as timely, it would fail on the merits.  The
defendants' motion does not "demonstrate that the order was based
on a manifest error of fact or law."  LR 7.2(e).  The court
granted the motion to compel because it found that the defendants
had failed to demonstrate any valid basis for withholding the
requested documents.  The defendants' present motion fails to
demonstrate how that finding was erroneous.

The Federal Rules of Civil Procedure provide broadly that
parties "may obtain discovery regarding any matter, not
privileged, that is relevant to the claim or defense of any party
. . . ."  Fed. R. Civ. P. 26(b)(1).   A party that seeks to
resist discovery based on privilege must "make the claim
expressly and . . . describe the nature of the documents,
communications or things not produced or disclosed in a manner
that, without revealing information itself privileged or
protected, will enable other parties to assess the applicability
of the privilege or protection."  Fed. R. Civ. P. 26(b)(5).
Thus, the party seeking to avoid a discovery obligation based on
a privilege bears the burden of establishing its applicability.
See Cook v. CTC Commc'n Corp., Civ. No. 06-058, 2006 WL 3313838,
at *2 (D.N.H. 2006); cf. In re Keeper of Records, 348 F.3d 16, 22
(1st Cir. 2003) (party resisting a grand jury subpoena on

attorney-client privilege grounds "bears the burden of
establishing that it applies to the communications at issue and
that it has not been waived").

The Federal Rules do not dictate the precise timing or form
of the Rule 26(b)(5) description.  As this court has previously
noted, "[t]he scope of the description necessary to satisfy Rule
26(b)(5) need only be so broad as to permit [an] assessment [as
to the applicability of the privilege]."  Emerson Elec. Co. v.
Ouellette, Civ. No. 96-364, 1998 WL 34088465, at *7 (D.N.H.
1998).  The timing of the "duty to provide the description
required by Rule 26(b)(5) is flexible and does not arise until
there is a good faith challenge to the privilege claim."  Id. at
*8 (quotation marks and citation omitted).  See also Burlington
N. & Santa Fe Ry. Co. v. U.S. Dist. Court for the Dist. of Mont.,
408 F.3d 1142, 1149 (9th Cir. 2005) (declining to adopt per se
rule that would deem "a privilege waived if a privilege log is
not produced within Rule 34's 30-day time limit").[3]

Whatever the precise contours of the Rule 26(b)(5) notice
requirements, the defendants did not meet them here.  Although a
privilege log describing each individual document may not be

---

[3]Rule 34 requires that a party served with a document
request must respond in writing within 30 days.  Fed. R. Civ. P.
34.  A response that objects to the disclosure of any documents
must state the reasons for the objection.  Id.

necessary in every case, see Fed. R. Civ. P. 26 advisory
committee notes (1993 amendments) (providing that a categorical
description of privileged documents may suffice when the
privileged documents are voluminous), this court has rejected the
use of blanket privilege assertions.  See Emerson, 1998 WL
34088465, at *7; see also Burlington, 408 F.3d at 1149
("boilerplate objections or blanket refusals . . . are
insufficient to assert a privilege").  In Emerson, the court
ruled that where the party seeking disclosure had conceded that
the requested documents were privileged and was only asking the
court to hold that "the privilege-holder ha[d] waived the
privilege as to a whole category of materials," the opposing
party's broad assertion "that the privilege protects various
categories of documents . . . satisf[ied] Rule 26(b)(5) until
such time as the court decides the waiver issue."  Emerson, 1998
WL 34088465, at *7.

Here, unlike Emerson, Bourne has never conceded that the
documents at issue are privileged.  The defendants were therefore
required, at least as of the time they filed their objection to
the motion to compel, to "provide sufficient information to
enable [the plaintiff or this court] to evaluate the
applicability of the claimed privilege or protection."  Fed. R.
Civ. P. 26 advisory committee notes (1993 amendments).  The

defendants' most recent production of redacted documents might have been sufficient to satisfy Rule 26(b)(5) had it been timely. Unfortunately, it was not provided until after the court ordered production.[4]

Finally, the court remains unpersuaded by the defendants' argument that the production of documents responsive to requests fourteen and nineteen would be unduly burdensome because Bourne had already obtained these documents through discovery in the related state case.  The court cannot verify the accuracy of that claim, but in any event, it hardly supports the defendants' argument.  If many of the requested documents have already been produced to Bourne in another case, it should not be difficult to undertake a second production, particularly where, as here, the universe of documents is relatively small.  Cf. Burlington, 408

---

[4]The defendants' objection to Bourne's motion to compel failed to substantiate the claim that King acted as town counsel's legal assistant and that his memoranda were composed at the direction of counsel.  Rather than cure that deficiency, the defendants switch tracks in the motion to reconsider.  They now argue that because King, the town, and the selectmen are co-defendants, the "common interest doctrine" provides that King should be treated as a "client" of town counsel for attorney-client privilege purposes.  See Cavallaro v. United States, 284 F.3d 236, 249 (1st Cir. 2002).  But in Cavallaro, the First Circuit recognized that the common interest doctrine is merely an exception to the third-party waiver rule, not an independent basis for the privilege.  Id. at 250.  In any event, the court will not consider a new legal theory on a motion to reconsider.

F.3d at 1149 ("The claim that responding in a timely fashion would have been impossible or overly burdensome is hard to justify, especially because the record reveals . . . that many of the same documents were previously produced in a prior lawsuit.").

II.  Plaintiff's Motion for Contempt

Bourne asks the court to order the immediate production of the requested documents regardless of privilege.  Bourne also requests an award of the attorneys' fees incurred as a consequence of filing a motion to compel, opposing the defendants' motion for a protective order, and filing the present motion for contempt.

The advisory committee notes to Rule 26 provide that, withholding materials without the proper Rule 26(b)(5) notice, "subjects the [withholding] party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection."  Moreover, as noted above, the defendants' unilateral redaction of responsive documents was not permitted by the court's January 8 order.  The defendants' refusal to comply with a court order provides an independent basis for a contempt finding.  See Fed. R. Civ. P. 37(b)(2)(D); see also Public Serv. Co. of N.H. v. Portland Natural Gas, 218 F.R.D. 361, 362 n.2

(D.N.H. 2003) (noting that "a failure to respond to
interrogatories is not punishable as a contempt of court unless
the responding party refuses to comply with an order compelling
it to respond").

Among other things, Rule 37(b)(2) permits the court to issue
an order "refusing to allow the disobedient party to support or
oppose designated claims or defenses."  Fed. R. Civ. P.
37(b)(2)(B).  The rule also mandates an award of reasonable
expenses and attorneys' fees caused by the disobedient party's
failure to comply, "unless the court finds that the failure was
substantially justified or that other circumstances make an award
of expenses unjust."  Fed. R. Civ. P. 37(b)(2).

In light of the waste of time and resources caused by the
defendants' unjustified discovery tactics, the court grants
Bourne's motion for contempt.  The defendants are ordered to
produce, no later than April 4, 2007, all documents without
redaction that are responsive to requests fourteen and nineteen.
The court deems as waived any claim of privilege that may have
applied to any of those documents that were created before
October 31, 2006 (the date that Bourne filed his motion to
compel).  To the extent that there are responsive documents that
the defendants believe are privileged and that post-date October

11

31, 2006, the defendants should produce a compliant Rule 26(b)(5) notice describing those documents.

Bourne is also entitled to reasonable attorneys' fees and expenses.  The court could have awarded attorneys' fees and expenses when it granted Bourne's motion to compel.  See Fed. R. Civ. P. 37(a)(4)(A).  Because the defendants' privilege claims were colorable, the court found such a sanction unjust.  In light of the defendants' continued delaying tactics and failure to obey a court order, the court reconsiders that decision and orders the defendants to pay the reasonable attorneys' fees and expenses necessitated by (1) Bourne's motion to compel, (2) his objection to the defendants' motion for a protective order or for reconsideration, and (3) his motion for contempt.  Bourne may file a bill of costs in accordance with Local Rule 54.1 within twenty days of the date of this order.  The defendants can object as provided in Local Rule 54.1(c).

### Conclusion

The defendants' motion for a protective order or for reconsideration (document no. 71) is denied.  The plaintiff's motion for contempt (document no. 73) is granted.  The defendants are ordered to produce the disputed documents no later than April 4, 2007.  The plaintiff's request for reasonable attorneys' fees

and costs is granted provided that the plaintiff files a full
accounting of the relevant fees and costs within twenty days of
the date of this order and subject to the court's review for
reasonableness.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 27, 2007

cc:  Catherine M. Costanzo, Esquire
     Brian J.S. Cullen, Esquire
     Rachel A. Hampe, Esquire
     Richard D. Sager, Esquire
     Gerald F. Williamson, Esquire