```
             UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

Samuel J. Bourne

    v.                                    No. 05-cv-365-JD

Town of Madison et al.


PROCEDURAL ORDER

    The court held a telephonic scheduling conference with the parties on May 3, 2007.  The court opened the discussion by observing that scheduling conflicts necessitate a continuation of the trial currently scheduled for the two-week period beginning on May 15, 2007.  At the court's urging, the parties next discussed the defendants' pending motion to dismiss or stay proceedings pending the resolution of a consolidated state action in the Carroll County Superior Court.  See Bedrock Realty Trust v. Town of Madison, Nos. 03-E-0061, 0114, 0144; 05-E-0014.  The parties stated that Judge Fitzgerald held a trial in that case, which concluded on March 15, 2007, and that they are awaiting the court's decision.  The parties agreed that the state court ruling could impact upon the resolution of some of the issues in this case and may also influence their settlement negotiations.

    In light of these circumstances, the parties agreed to a stay of the trial in this case pending a final judgment by the superior court in the consolidated state cases.  Both parties

indicated, however, that they are eager to come to a final resolution of this case.  Therefore, both parties agreed with the court's proposal that it should proceed to rule on all pending motions.[1]  Nevertheless, because aspects of the superior court decision may be relevant to issues in this case, the court agreed to waive the ordinary rules for filing a motion to reconsider, see LR 7.2(e); Fed. R. Civ. P. 59(e), 60(b), with respect to any ruling on a motion pending today, if that ruling predates the superior court's entry of judgment.  To the extent a party believes that a ruling of this court, on a motion now pending, is inconsistent with a subsequent decision of the superior court in the consolidated state action, that party may file a motion to reconsider within thirty days of the superior court's order entering judgment.

Finally, the court noted that, although the defendants have asked for summary judgment on all of the plaintiff's claims, their summary judgment memoranda have not provided argumentation

---

[1] As of today, the following motions are pending and are ripe for resolution:  defendants' motion for summary judgment (document no. 25); plaintiff's motion in limine to exclude evidence relating to a domestic dispute (document no. 35); defendants' motion in limine to exclude evidence relating to the revocation of building permits, etc. (document no. 40); defendants' motion in limine to exclude evidence relating to road maintenance (document no. 41); defendants' motion in limine to exclude the expert testimony of Ronald Rice (document no. 42); and defendants' motion to dismiss (document no. 76).

specifically addressing the plaintiff's state constitutional claims.  Accordingly, the court directed the defendants to file a supplemental memorandum addressing those claims by May 24, 2007. The defendants may respond to that memorandum no later than June 14, 2007.

The parties shall promptly notify the court when the state court has issued its ruling and a teleconference will be scheduled.

SO ORDERED.

                                                       _____
                                                       Joseph A. DiClerico, Jr.
                                                       United States District Judge

May 3, 2007

cc:  Hon. Edward J. Fitzgerald, III
     Catherine M. Costanzo, Esquire
     Brian J.S. Cullen, Esquire
     Rachel A. Hampe, Esquire
     Richard D. Sager, Esquire
     Gerald F. Williamson, Esquire