UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Samuel J. Bourne, Individually
and as Trustee of Bedrock Realty Trust

     v.                              Civil No. 05-cv-365-JD
                                              Opinion No. 2007 DNH 079

Town of Madison, et al.

O R D E R

The court previously found the defendants in contempt for
failing to adhere to a court order compelling the production of
certain documents.  See Order of March 27, 2007 (document no. 80)
(the "contempt order").  Accordingly, Samuel J. Bourne's motion
for attorneys' fees and costs was granted and the defendants were
ordered to pay the reasonable expenses, including attorneys'
fees, associated with (1) Bourne's motion to compel, (2) Bourne's
objection to the defendants' motion for a protective order or for
reconsideration, and (3) Bourne's motion for contempt.  See id.;
Fed. R. Civ. P. 37(b)(2).  Bourne now submits a bill of costs and
the defendants object.  Bourne has also filed a motion for leave
to reply to the defendants' objection, to which the defendants
have objected.  Additionally, Bourne moves to seal two exhibits
attached to the bill of costs and the defendants object.  The
court begins with the motion to seal.

I.   Motion to Seal

     Bourne filed an affidavit from his New Hampshire attorney,
Rachel A. Hampe, in support of the bill of costs.  Exhibit 1 of
the Hampe affidavit provides the monthly billing statements that
Hampe's firm, the McLane Law Firm, has submitted to Bourne for
the work performed in this case.  Hampe has worked on this case
with Gerald F. Williamson, a solo practitioner from
Massachusetts.  Exhibit 2 of the Hampe affidavit provides
Williamson's billing statements.  The billing statements of both
exhibits were redacted to include only information relevant to
the attorneys' fees and costs contemplated in the contempt order.

     Bourne moves to seal the two exhibits at level 1 because
they contain information covered by the attorney-client privilege
and because they set out competitive information concerning the
rates and fees charged by Williamson and the McLane Law Firm.[1]
The defendants argue that Bourne has not established an
entitlement to the attorney-client privilege with regard to the
information contained in the invoices.  Additionally, the

---

     [1]Pursuant to Local Rule 83.11(c), the exhibits were
provisionally accepted under seal at level 1 pending the court's
ruling on the motion to seal.

defendants argue that billing rates and fees are not protected trade secrets, and, in any event, Bourne has already disclosed the rates charged in this case.

Based on the idea that democratic values are best served by a transparent judicial system, the courts have long recognized "a presumption that the public has a common-law right of access to judicial documents," including documents "which properly come before [a] court in the course of an adjudicatory proceeding and which are relevant to that adjudication." In re Providence Journal Co., 293 F.3d 1, 9 (1st Cir. 2002) (internal quotation marks omitted). In light of this presumption, Bourne bears the burden of establishing a sound basis for sealing the documents. See id. at 10 (recognizing that "'only the most compelling reasons can justify non-disclosure of judicial records' that come within the scope of the common-law right of access" (quoting FTC v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 410 (1st Cir. 1987)). To assert the attorney-client privilege, Bourne must prove that: "(1) [he] was, or sought to be, a client of the law firm; (2) the lawyer acted as a lawyer in connection with the information at issue; (3) the information relates to facts communicated for the purpose of securing a legal opinion; and (4) the privilege has not been waived." In re: Grand Jury Subpoenas, 123 F.3d 695, 699 (1st Cir. 1997).

3

Bourne has not overcome the presumption against sealing judicial documents.  Although Bourne argues that New Hampshire's "right-to-know" law, see N.H. Rev. Stat. Ann. § 91-A, does not require public disclosure of the exhibits, he has neglected to address the threshold question of why the attorney-client privilege should apply.  With respect to attorney billing statements, the First Circuit has resisted a per se rule either in favor of or against the application of the attorney-client privilege.  See Grand Jury Subpoenas, 123 F.3d at 699 (agreeing that the documents "are not per se non-privileged merely because they were intended primarily for billing purposes").  Rather, the circuit has instructed that the focus should be directed to the content of the particular materials at issue.  See id.  Bourne has not specifically addressed the contents of the two exhibits.

Bourne has provided even less support for his contention that the documents should be sealed because they reveal competitive information concerning rates and fees.  Because Bourne failed to articulate an argument for why these specific billing statements should be veiled from public scrutiny, the

4

motion to seal is denied.  See Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 260 (1st Cir. 1999) (district court may disregard undeveloped arguments).[2]

II.  Bill of Costs

The court employs the lodestar method to calculate an award of reasonable attorneys' fees and costs.  See Tenn. Gas Pipeline Co. v. 104 Acres of Land, 32 F.3d 632, 634 (1st Cir. 1994). Under that method, the court calculates the number of hours reasonably expended on the relevant tasks and multiplies that figure by a reasonable hourly rate.  Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001).  The defendants do not dispute that the hourly rates charged by Bourne's attorneys are reasonable.  The court, therefore, will focus on the defendants' challenges to the specific time entries.

---

[2]The court additionally notes that, based on its review of the invoices, the attorney-client privilege does not appear to apply to them.  The notations do not provide much in the way of substantive information nor do they reveal Bourne's trial strategy.  As to the rate information, it is not unusual for a firm's billing rates to be treated as a matter of public record. See, e.g., Access Group, Inc. v. Federico, No. 06-275, 2006 WL 3371622 (D.N.H. 2006); Silva v. Nat'l Telewire Corp., No. 99-219, 2001 WL 1609387 (D.N.H. 2001).

A.  <u>McLane Law Firm's invoices</u>

The defendants challenge an entry for September 28, 2006, because it appears in part to concern a revision to the plaintiff's complaint -- which is a task outside the scope of the contempt order.  The defendants also claim that the portion of the entry pertaining to a conference call between Hampe, Williamson, and the defendants' attorney only concerned amending the complaint.  Because Williamson's invoices do not corroborate Hampe's with regard to the subject of the call, that amount is not allowed.

The defendants next challenge fees charged for drafting the motion to compel and the reply to the defendants' objection to the motion to compel, arguing that 6 hours is excessive as to the former and 8.8 hours is excessive as to the latter.  The court disagrees and will sustain those entries.  The court also finds reasonable the 1.6 hours Hampe billed on October 30, 2006, pertaining to discovery issues, but strikes the two December 2006 entries relating to Hampe's efforts to electronically re-file the reply after having incorrectly filed it as an exhibit to the motion for leave to file a reply.

The entries for January 2007 pertain to Bourne's objection to the defendants' motion for a protective order and to Bourne's simultaneously-filed motion for contempt.  After warning defense

counsel, Bourne filed the motion for contempt requesting attorneys' fees as a sanction.  The January 2007 entries all appear to relate to these filings and the time expended is not unreasonable.  The January 2007 entries are therefore approved.

The February 23, 2007, entry appears to concern the court's order to show cause why the case should not be dismissed or stayed pending a related state court proceeding.  Bourne concedes that this charge falls outside the scope of the contempt order.

The entries for April 2007 concern the McLane Law Firm's work on the bill of costs and on the motion to seal the billing statements.  The time reasonably spent in preparing a fee application is itself recoverable, ordinarily at a reduced rate. Brewster v. Dukakis, 3 F.3d 488, 494 (1st Cir. 1993).  It is not clear how the portion of the April 3 entry concerning the review of documents is relevant to the contempt order.  Indeed, it appears that this was a review of the documents Bourne had sought with the motion to compel.  But because that entry also includes a notation about working on the bill of costs, the court will approve 1.0 hour of the 2.5 hours charged.

Bourne's motion to seal was denied and the court finds that the contempt order did not contemplate recovery for time spent on such a motion.  Therefore, Bourne is not entitled to fees for Hampe's April 6 entry and the paralegal entry of April 9, which

7

concern work on the motion to seal.  Because the paralegal entry
of April 4 and Hampe's entry of April 9 merge work on the motion
to seal with work on the bill of costs, the court approves one-
half of the fees charged for those entries.


    B.  <u>Williamson's invoices</u>

    The defendants argue that Bourne cannot recover Williamson's
fees because he does not pay Williamson by the hour, but rather
has paid him a flat fee.  But just because Bourne paid Williamson
a flat fee does not mean that his work is not reimbursable.
Moreover, the defendants do not cite any authority suggesting
that a flat fee cannot be broken down by an hourly rate for the
purposes of awarding attorneys' fees as a sanction against
discovery violations.  <u>Compare</u> <u>Lipsett v. Blanco</u>, 975 F.2d 934
(1st Cir. 1992) (applying the lodestar methodology to calculate
an award of reasonable attorneys' fees in a civil rights case
where plaintiff's counsel was paid on a contingency basis).

    With respect to the defendants' specific objections, the
court does not find any of Williamson's time entries
unreasonable.  The defendants again challenge time spent
reviewing documents.  However, it appears that these document
reviews, conducted in January 2007, related to reviewing the
defendants' original productions for the purpose of objecting to

the defendants' motion for a protective order.  Unlike the April 3 document review, this review was necessitated by the defendants' discovery misconduct.

      C.   <u>Costs</u>

The defendants also challenge Bourne's request for $301.86 in photocopying costs.  They take umbrage with Bourne's method of calculation -- simply requesting one-half of the photocopying bill for each of the relevant billing months.  The defendants assert that the court should only allow reimbursement for two copies of each page of the relevant pleadings at a rate of $0.10 per page.  Thus, the defendants calculate that Bourne should be reimbursed $31 for photocopying.  Bourne responds that the McLane Law Firm charges $0.15 per page for photocopying and that the copying charges include copying relevant discovery materials for counsel to review during preparation of the various filings. High stakes or not, the court notes that the standard is reasonableness, not exactness.  The court reduces Bourne's photocopying charge by one-half.

III.  <u>Motion For Leave to File Reply</u>

Bourne's motion for leave to file a reply to the defendants' objection to the bill of costs is granted.  The reply was duly

9

considered in reaching this decision.  The additional fees that
Bourne requests in the reply are, however, denied.

IV.   Conclusion

Bourne's request for attorneys' fees and costs (document
nos. 83 and 85) is granted to the extent outlined in this order.
Bourne does not ask for an enhancement of the lodestar
calculation.  Therefore, the defendants are ordered to pay Bourne
$150.93 for photocopying costs and $8,460.75 for attorneys' fees.
Bourne's motion for leave to reply to the defendants' objection
to the bill of costs (document no. 92) is granted.  Bourne's
motion to seal the exhibits attached to the bill of costs
(document no. 84) is denied.  The clerk of the court is directed
to lift the provisional seal on the relevant documents (document
nos. 85, 89, and 94).

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

June 19, 2007

cc:  Catherine M. Costanzo, Esquire
     Brian J.S. Cullen, Esquire
     Rachel A. Hampe, Esquire
     Richard D. Sager, Esquire
     Gerald F. Williamson, Esquire

10