UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Samuel J. Bourne

    v.                              Civil No. 05-cv-365-JD

Town of Madison, et al.


O R D E R

Samuel J. Bourne moved for partial reconsideration of the order, issued on May 9, 2007, granting the defendants' motion in limine to exclude Ronald H. Rice's testimony and the order, issued on June 29, 2007, granting in part the defendants' motion for summary judgment.  The court set a schedule for the parties to move for reconsideration based on the state court action, which has not reached a final judgment.  Bourne sought reconsideration on other grounds, however, which are considered here.  The defendants object to Bourne's motions.

To be successful on a motion for reconsideration, the moving party must "clearly establish a manifest error of law or must present newly discovered evidence."  FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992).  Reconsideration is not appropriate, however, when the motion is "grounded on the discovery of evidence that, in the exercise of due diligence, could have been presented earlier."  Emmanuel v. Int'l Bhd. of Teamsters, 426 F.3d 416, 422 (1st Cir. 2005).  A motion for

reconsideration is not an opportunity for rearguing the party's case or raising new arguments that were not, but could have been, made in the context of opposing the dispositive motion. Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15 (1st Cir. 2006).

I.  Motion for Reconsideration of Order Granting Motion in Limine

Bourne retained an expert witness, Ronald H. Rice, to testify about a cover letter addressed to the town and purportedly signed by Bourne.  Rice's opinion is that Bourne's signature was forged and that the characters in the letter are consistent with characters in other documents generated by the town.  The defendants moved to exclude Rice's testimony on the grounds that he is not qualified and his methodology is unreliable.  The court granted the motion, concluding that Rice was not qualified to testify as a document expert and that his methodology for handwriting analysis was not reliable.

For purposes of reconsideration, Bourne challenges that part of the order pertaining to Rice's testimony about Bourne's signature.  In the May 9 order, the court noted its misgivings about Rice's qualifications to testify as a handwriting expert but granted the defendants' motion to exclude his testimony because Bourne failed to make a sufficient showing that Rice's

methodology was reliable.  In particular, the court found that Rice's method of using successive enlargements of the signature was not reliable, that Bourne's citations to authority in support of Rice's methods were not persuasive, and that his arguments in opposition to the defendants' criticisms were not creditworthy.

Bourne now contends that Rice analyzed the original signature with a magnifying glass when he saw the letter at the town offices and worked from a photograph and a first generation photocopy of the letter, not from multiple enlargements, for purposes of formulating his opinion that the signature was forged.[1]  Bourne's newly-constructed arguments are too little and too late.  As the defendants point out, Rice's deposition testimony contradicts Bourne's new theories.  Further, reconsideration cannot be based on new evidence without an explanation of why it was not found and presented previously.

The motion for reconsideration is denied.[2]

---

[1] Bourne's evidence in support of his new theory is thin at best, based on Rice's testimony:  "Yeah, I believe I brought my hand-held magnifier and the camera I needed to look at the original . . . ."  Reply at 3.  Rice also testified that he could not have and did not do any analysis of the original when he looked at it briefly at the town hall.  He also stated that he used a "video eye" to look at the document but does not explain that device.  Bourne refers the court to a web site to conduct its own research on the operation of a "video eye."

[2] The court also notes that the issue of the alleged forgery appears to be moot based on the parties' mutual release.

II.  <u>Motion for Reconsideration of Order Granting Partial Summary Judgment</u>

Bourne seeks reconsideration of those parts of the court's order that granted the defendants' motion for summary judgment on Bourne's substantive due process and equal protection claims and that found the parties' release to be enforceable.  Bourne contends that the court failed to appreciate his evidence of the defendants' hostility toward him, disagrees with the court's conclusions, and argues that his business experience was insufficient to assist him in understanding the release he signed.  Bourne also argues that additional evidence could be adduced at trial to support his claims, but that proffer did not and would not satisfy the summary judgment standard.  <u>See</u> Fed. R. Civ. P. 56(c).  In addition, even if that evidence had been properly presented, it would not have changed the outcome.

Bourne has not demonstrated any manifest errors or law or fact in the June 29 order.

Conclusion

For the foregoing reasons, the plaintiff's motions for reconsideration (documents no. 97 and 105) are denied without prejudice to all parties to file a motion for reconsideration based on the final judgment in the pending state court proceeding as provided in the court's procedural orders issued on May 3, 2007, and September 14, 2007 (documents no. 93 and 113).  The plaintiff's motion for leave to file a reply (document no. 108) is granted, and the reply, Exhibit 1, was considered.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

December 20, 2007

cc:   Catherine M. Costanzo, Esquire
      Brian J.S. Cullen, Esquire
      Rachel A. Hampe, Esquire
      Richard D. Sager, Esquire
      Gerald F. Williamson, Esquire