UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Samuel J. Bourne, Individually,
and as Trustee of the
Bedrock Realty Trust

   v.                                   Civil No. 05-cv-365-JD

Town of Madison, et al.


PROCEDURAL ORDER

     Samuel J. Bourne has filed a notice of the status of the consolidated state court action, Carroll County Superior Court, Bedrock Realty Trust v. Town of Madison, Nos. 03-E-0061, 0114, 0144, and 05-E-0014, involving the same parties and some issues in common with this case. In the notice, Bourne asks for clarification of the process established in the court's prior orders as to the dates for filing motions for reconsideration. A request for relief, such as a request for clarification of a prior order, should have been raised by motion, which Bourne failed to do. However, the court will address the issue without requiring refiling.

     In orders issued on May 3 and September 14, 2007, the court recognized that the outcome of the consolidated state action in the Carroll County Superior Court, Bedrock Realty Trust v. Town of Madison, Nos. 03-E-0061, 0114, 0144, and 05-E-0014, could affect issues in this case. Therefore, if either party believed

that an order issued in this case was inconsistent with a decision of the superior court in the state action, that party was granted leave to file a motion to reconsider within thirty days after an order entering final judgment in the state court action.  The court further stated that it would not consider the pending a motion for reconsideration until thirty days after the parties filed a joint notice that final judgment has been entered in the state action.

Bourne represents that the state court has issued decisions in the state action that he has interpreted as final.  Bourne also represents that Bedrock Realty Trust has appealed, and the defendants have filed a cross appeal.  Bourne asks for clarification of whether the state court action is now final, for purposes of motions for reconsideration in this case, or whether the state court action will not be final until the conclusion of the now-pending appeals.

The court first notes that the parties were directed to file a joint notice of a final judgment to begin the reconsideration process in this case.  That has not yet occurred.

In light of the parties' pending appeals, motions for reconsideration in this case will not be due, and the pending motion will not be considered, until thirty days after the parties file a joint notice of a final judgment in the state

action. Judgment will not be deemed to be final in the state action until a final disposition of the appeals and any further proceedings that may occur in state court in the cases Nos. 03-E-0061, 0114, 0144, and 05-E-0014. Although Bourne indicates that he, proceeding pro se, has filed a new case pertaining to the same issues in state court, litigation here will not be delayed further by the new state court case.

    SO ORDERED.

                                       /s/ Joseph A. DiClerico, Jr.
                                       Joseph A. DiClerico, Jr.
                                       United States District Judge

October 2, 2008

cc: Brian J.S. Cullen, Esquire
    Rachel A. Hampe, Esquire
    Richard D. Sager, Esquire
    Gerald F. Williamson, Esquire