```
         UNITED STATES DISTRICT COURT FOR THE
                DISTRICT OF NEW HAMPSHIRE
```

Samuel J. Bourne

    v.                              Civil No. 05-cv-365-JD
                                                 Opinion No. 2009 DNH 169

Town of Madison, et al.

### O R D E R

Samuel J. Bourne brought state and federal claims against the Town of Madison, New Hampshire; its selectmen, John Arruda, Clifford Graves, and Eileen Crafts, in their personal and official capacities; and a resident of Madison, Robert D. King, arising from a dispute about a roadway, known as the Solomon Harmon Road. Bourne also filed actions in Carroll Country Superior Court that were consolidated into Bedrock Realty Trust v. Town of Madison, Nos. 03E-0061, 0114, 0144, and 05-E-0014.[1] Because the state court action was related to Bourne's claims here, the parties agreed to stay trial in this case until final resolution of the state court proceedings. The parties also agreed that this court should address all of the motions pending at that time and reserve the right to them to request

---

[1] Bourne is trustee of the Bedrock Realty Trust.

reconsideration after the state court issued the decision in the state case.

On May 3, 2007, this court ordered that "[t]o the extent a party believes that a ruling of this court, on a motion now pending, is inconsistent with a subsequent decision of the superior court in the consolidated state action, that party may file a motion to reconsider within thirty days of the superior court's order entering judgment."  Doc. no. 93 at 2.  On June 29, 2007, the court granted the defendants' motion for summary judgment on all of Bourne's claims except the state law claim of tortious interference with contractual relations.  In July, Bourne filed a motion to reconsider the June 29 order, and two months later he filed a memorandum to supplement his motion for reconsideration.  His motion was denied in part because the supplemental memorandum was untimely and was also denied without prejudice to all of the parties to file a motion for reconsideration based on the final judgment in the pending state court proceeding as provided in the order issued on May 3, 2007.

The parties filed a joint notice on the status of the state court proceedings on July 24, 2009.  In the notice, the parties represented that an order following trial in state court issued on August 10, 2007, that the appeals were denied on May 14, 2009, that Bourne's motion for reconsideration was denied on June 24,

2009, and that Bourne was appealing the superior court's ruling on his motion for costs.  The parties also represented that because the merits of the state court action were resolved, it was appropriate to resume the case here.

In the consolidated state court action, Bourne, as trustee for Bedrock Realty Trust, and the Town of Madison ("the Town") disputed whether the Town could allow the public to use snowmobiles and other vehicles over a roadway on Bourne's property.  The Carroll County Superior Court held a bench trial from March 12 through March 15, 2007, and issued its decision on August 10, 2007.  The court concluded that under the provisions of certain documents, the Kelsey Deed and the Conservation Agreement, the Town could not allow the public to use snowmobiles on the Kelsey Easement and that the Kelsey Deed limited public use of the easement to six enumerated activities, which did not include snowmobile or other motor vehicle use.  The court also found that evidence was lacking to show that a public highway had been established by prescriptive use and that there was no occasion to lay out Solomon Harmon Road as a Class VI road for public necessity or convenience.  Therefore, Bourne was successful on the merits of his claims against the Town.

Bourne also sought an award of attorneys' fees, arguing that the Town had no legitimate basis to claim snowmobile use under

the Kelsey Easement, that the Town's decision to lay out Solomon Harmon Road was based on its interests in the litigation with Bourne and in allowing snowmobile use, and that the Town was unreasonable to claim a prescriptive use of Solomon Harmon Road. The superior court held that "[a]lthough the Town did not prevail on any of the issues presented, the court finds the Town did not conduct itself or respond to this litigation in a manner warranting attorneys' fees."  Bourne's request for an award of fees was denied.

Bourne appealed the denial of his request for attorneys' fees and the denial of most of the damages Bourne sought for injunctions granted to the Town during the litigation.  The Town cross-appealed the superior court's decision that the Kelsey Easement did not constitute a Class VI road and the award of $698 in damages for the injunctions.  The supreme court issued its decision on May 14, 2009, affirming the superior court's decision denying attorneys' fees but vacating the award of $698 as damages for an injunction issued in the Town's favor.

In particular, the supreme court rejected Bourne's claim that he had a clearly defined right to preclude public snowmobile access to his property that should not have required litigation and his claim that the Town's conduct in the litigation was in bad faith and unreasonable.  The court held that "several emails

and other documents from Mr. King that were produced in a federal court lawsuit . . . do not establish that the town acted in bad faith or in a patently unreasonable manner." The court also stated: "We further note that the petitioner's counsel suggests that the town's counsel knew the prescriptive highway claim had no basis by selectively quoting, on multiple occasions, a single statement in an email from the town's counsel that the claim 'should never have been an issue in this case.'" The court explained that, taken in context, counsel's "statement merely reflects counsel's belief that he was required to litigate the merits of the committee's decision due to an adverse pretrial ruling." The supreme court affirmed the superior court's decision denying an award of attorneys' fees.

## Discussion

Bourne moves for reconsideration of the summary judgment order issued in this case on June 29, 2007. In his motion, Bourne contends that the state court decisions and newly discovered evidence support his substantive due process claim and his state law claims of misrepresentation and tortious interference with contractual relations and asks the court to reconsider summary judgment on those claims. The defendants object to Bourne's motion, contending that the state court

decisions are consistent with the June 29 summary judgment order and that Bourne lacks newly discovered evidence to support his claims.

A motion seeking reconsideration of summary judgment is subject to limits of time and scope.  See LR 7.2(e); Fed. R. Civ. P. 59(e), 60(b)(2), & 60(c); Landrau-Romero v. Banco Popular de P.R., 212 F.3d 607, 612 (1st Cir. 2000).  Here, the time to move for reconsideration was extended only to allow the parties to request reconsideration on the ground that the June 29 order was inconsistent with a subsequent decision of the state court in the consolidated state action.  A motion for reconsideration "does not provide a vehicle for a party to undo its own procedural failures or allow a party to advance arguments that could and should have been presented to the district court prior to judgment."  Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006) (internal quotation marks omitted).

A.   Substantive Due Process

In his federal court complaint, Bourne alleged that his substantive due process rights were violated by the defendants' actions related to the dispute about Bourne's application for a building permit and the use of Solomon Harmon Road.  He contends that the defendants' actions were abusive, were motivated by

6

their hostility against him, and were the result of their conspiracy to force him to leave the Town.  The court granted summary judgment in the defendants' favor, concluding that even if the First Circuit would recognize a substantive due process violation in the context of a land use dispute, Bourne failed to show a trialworthy issue based on that theory.

In his motion for reconsideration, Bourne states that the state court decisions do not preclude his substantive due process claim, but he does not rely on any part of those decisions as being inconsistent with the June 29, 2007, summary judgment order.[2]  Instead, Bourne offers "new" evidence to support his substantive due process claim: an alleged admission by the defendants and emails written by defendant Robert D. King.

The court granted the parties leave to file motions for reconsideration of the June 29 order to the extent the party believed that a part of the order was inconsistent with the state court decisions in the consolidated cases.  The court did not extend the deadline for motions to reconsider based on newly discovered evidence.  A party is allowed one year from the date of the order to move for reconsideration based on newly

---

[2] In fact, the state court rulings are consistent with the court's summary judgment order to the extent the state courts did not allow an award of attorneys' fees to Bourne.

discovered evidence.  Fed. R. Civ. P. 60(c)(1).  Therefore, Bourne's motion is untimely.[3]  Even if the motion based on "new" evidence were timely, however, it would fail.

The statement Bourne offers as an admission is from the defendants' objection to Bourne's first motion for reconsideration filed in July of 2007:  "The remaining 'factual issues raised by the plaintiff were not even alleged errors by the Court, but merely events that the plaintiff feels show that the defendants dislike him.  That point, however, is hardly disputed."  Doc. no. 107 at 2.  Bourne also offers "new" evidence: an email sent by defendant Robert King, dated January 9, 2005, to a group of snowmobiling associations and enthusiasts; an email from King to the Madison selectmen, dated December 29, 2004; two 2006 emails from King to selectmen; emails from King to Town counsel; two excerpts from the Class VI Road Study Report; an email from King to the president and trailmaster of "SOSSC," a snowmobile club; an excerpt from a superior court hearing transcript, from February, 1, 2006; and an excerpt from the superior court trial transcript for March 12, 2007.

---

[3]The summary judgment order issued on June 29, 2007, and Bourne filed his motion for reconsideration based on "new" evidence on September 1, 2009.

Reconsideration based on new evidence is addressed in Federal Rule of Civil Procedure 60(b)(2). Relief from summary judgment under Rule 60(b) "is extraordinary in nature and motions invoking that rule should be granted sparingly." Gonzalez-Pina v. Rodriguez, 407 F.3d 425, 433 (1st Cir. 2005) (internal quotation marks omitted). Evidence is not new for purposes of Rule 60(b)(2) unless the evidence was discovered after the challenged order issued, it could not by due diligence have been discovered earlier, it is not merely cumulative, and it is of such import "that it would probably change the result." Id.

Bourne obtained most of the "new" evidence on April 4, 2007, two and a half months before the June 29, 2007, order issued. The superior court trial testimony was given on March 22, 2007, and the superior court hearing occurred on February 1, 2006, months before the June 29 order. Bourne's delay in bringing that evidence forward disposes of it for purposes of reconsideration.[4] See id. In addition, to the extent Bourne argues that he needed time to develop facts pertinent to the email through discovery, relief was available through Federal Rule of Civil Procedure 56(f). See Mir-Yepez v. Banco Popular de P.R., 560 F.3d 14, 16

---

[4]To the extent Bourne relies on other documents disclosed on April 4, 2007, for the same reasons, those documents are not newly discovered evidence.

9

(1st Cir. 2009). Having failed to avail himself of Rule 56(f), he has waived any argument that his response was hampered by insufficient discovery. See Rodriguez-Cuervos v. Wal-Mart Stores, Inc., 181 F.3d 15, 23 (1st Cir. 1999).

Bourne has not shown that King's December 29, 2004, email to the snowmobilers could not, with due diligence, have been discovered sooner. More importantly, however, King's email to the snowmobilers would not change the result on summary judgment.

As is explained in the June 29 order, land use disputes do not violate substantive due process except in horrendous situations that shock the conscience. See, e.g., Clark v. Bosher, 514 F.3d 107, 112-13 (1st Cir. 2008). King's email exhorts those interested in snowmobiling to attend a planning board meeting concerning Bourne's claims about Solomon Harmon Road and to ignore Bourne's no trespassing signs. The email also recounts King's interaction with Town officials about Bourne's actions, providing King's interpretation of circumstances and events. With all inferences taken in Bourne's favor, the email along with the context Bourne provides falls far short of suggesting a horrendous situation that would implicate substantive due process. The New Hampshire Supreme Court concluded that the King emails do not show that the Town acted in bad faith or in a patently unreasonable manner.

With respect to the defendants' "admission," the defendants stated in their objection only that Bourne's assertion that they disliked him was not disputed, noting the extended litigious interactions between Bourne and the defendants. An admission of dislike in this context does not provide proof that the defendants' actions concerning Solomon Harmon Road were <u>motivated</u> by hostility toward Bourne, particularly in light of the Town's rational explanations for the actions taken. Dislike alone does not prove a substantive due process violation.

Bourne also appears to argue, based on evidence presented at or absent from the state court proceedings, that the defendants' actions in defending against his claims in state court were conscience shocking. The state courts, however, ruled that the Town did not proceed in bad faith and had legitimate reasons for pursuing the Class VI roadway issue. Bourne's argument about what evidence he might have produced in the state action to support his attorneys' fees claim is unpersuasive.[5] Given the

---

[5]Contrary to Bourne's memorandum, the standard used in evaluating his arguments is that used for a motion for reconsideration, which is not an opportunity to reargue a party's case or to raise new arguments or evidence that were not, but could have been, made in opposition to the defendants' motion for summary judgment. <u>Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc.</u>, 455 F.3d 7, 15 (1st Cir. 2006).

11

state courts' rulings against Bourne on that issue, he cannot show conscience-shocking behavior.

In his reply, Bourne contends for the first time that the state courts' decisions are inconsistent with this court's summary judgment order.  Bourne states that summary judgment on his substantive due process claim was "predicated upon the finding that 'Mr. Bourne's property is accessible by an unpaved road, called "Solomon Harmon Road," that connects with East Madison Road on its north end'" and "the Court's finding that 'the Town provided rational explanations for its decisions.'"  Reply at 2.  He argues that because the state courts concluded that no such road exists, the summary judgment order is inconsistent with the state court decision.[6]  He also argues that because the superior court considered the Town's explanations and concluded, contrary to the Town's position, that the Town could not allow public snowmobile or vehicle use over Bourne's property, the Town's explanations were not reasonable.

Bourne is mistaken.  As a preliminary matter, the court made no findings in the summary judgment order and instead relied on

---

[6]Bourne also states that the superior court found that "Defendant King literally drew the road onto the map."  The cited part of the superior court's decision states that "King admittedly altered the map to depict the road."  The full analysis in the superior court's decision does not support Bourne's interpretation of King's action.

the undisputed facts from the summary judgment record provided by the parties. The statement Bourne quotes about the Solomon Harmon Road is part of the background section of the order, which was not material to the summary judgment analysis. The state court decisions are consistent with this court's conclusion that the defendants provided rational explanations for their positions. Therefore, Bourne has not shown a basis for reconsidering the summary judgment order with respect to his substantive due process claim.

B.   State Law Claim

In support of his motion for reconsideration, Bourne states: "In its June 29, 2007 Order, the Court found that Mr. Bourne's claim of tortious interference with contractual relations and his claim of misrepresentation could in part survive the execution of the mutual release if he provided competent evidence and if he prevailed in the State court trial." Pl. Mem. at 19. Bourne contends that those state law claims are supported by the state court decisions and his "subsequently obtained documents." The defendants object.

As a preliminary matter, Bourne misapprehends the July 29 order. The court granted summary judgment in the defendants' favor on his misrepresentation claims, without the reservation

13

Bourne articulates. The tortious interference with contractual relations claim survived summary judgment, and therefore, there is no need for reconsideration.

In the July 29 order, the court concluded that Bourne lacked evidence that the defendants committed forgery or that the signature was forged,[7] that he lacked evidence that the defendants knowingly misrepresented the legal status of the Solomon Harmon Road, and that his claims of misrepresentation based on the circumstances of the revised waiver were barred by the parties' mutual release. For purposes of reconsideration, Bourne appears to argue new claims.

Bourne asserts that the defendants have accused him of forgery. He also asserts that the record from the state court trial shows that the defendants relied on a forged map in asserting the status of the Solomon Harmon Road. Based on those assertions, he contends that he should be permitted to show documents obtained from the Town to prove the forgery on the cover letter.

---

[7]The forgery issue pertained to a cover letter Bourne mailed to the selectmen with a revised waiver: Bourne's copy of the letter states the changes he made in the waiver, while the selectmen's copy does not. Bourne accused the selectmen of forging his signature on their version of the letter. Their dispute over the waiver and other issues led to litigation which was settled with a mutual release. The forgery issue remained a matter of dispute thereafter.

As such, Bourne relies on "new" evidence, rather than an inconsistency with the state court decisions, to support his motion. As noted above, the motion is late. In addition, the state court trial occurred before June 29, 2007, and the other documents Bourne references also predate the order. Therefore, Bourne fails to show that the matters he references are new evidence under Rule 60(b)(2).

Further, the state court decisions are consistent with and support summary judgment on the misrepresentation claims.

## Conclusion

For the foregoing reasons, the plaintiff's motion for reconsideration (document no. 126) is denied.

The clerk of court shall set a trial date for the single remaining claim, tortious interference with contractual relations.

The dispute between the parties in this case has consumed significant resources of the parties and the state and federal courts. The time has long passed when the parties should have

put their dispute to rest.  The court expects them to use good faith efforts to resolve the only remaining issue in this case.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

November 9, 2009

cc: Brian J.S. Cullen, Esquire
    Rachel A. Hampe, Esquire
    Richard D. Sager, Esquire
    Gerald F. Williamson, Esquire