UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Samuel J. Bourne</u>

    v.                              Civil No. 05-cv-365-JD

<u>Town of Madison, et al.</u>


<u>O R D E R</u>

In response to the court's show cause order, issued on December 30, 2009, the defendants filed a motion for leave to file their answer.  Samuel Bourne, who is proceeding pro se, objects to the motion for leave to file the answer.  In addition, Bourne has moved for summary judgment on the defendants' defamation counterclaim and moved for a default judgment.  Bourne also moves for relief under Federal Rule of Civil Procedure 60.  The defendants previously moved to voluntarily dismiss their defamation counterclaim.


I.  <u>Motion for Leave, Motion for Default Judgment</u>

    As is explained in the show cause order and the procedural order issued on December 18, 2009, the defendants failed to file an answer to Bourne's amended complaint, which was filed on December 5, 2006.  In their motion for leave to file their answer, the defendants explain that because the amended complaint was allowed only to the extent that it did not add new claims,

the parties continued in the litigation with the original answer serving as the response to the amended complaint.  Bourne's counsel did not seek an entry of default during the three years that elapsed after the amended complaint was filed.[1]  The defendants also assert that their late answer has not caused Bourne prejudice because all parties have proceeded in the case as if an answer had been filed.

Bourne objects to the defendants' motion for leave to file their answer, asking that the late answer not be allowed.  Bourne argues that the defendants' answer is evasive, constituting a failure to disclose, because the defendants' pretrial filings suggest new claims and defenses that were not included in the previous answer.  Bourne also argues that the defendants' answer is deceptive because he disputes some of its allegations.  The court has reviewed the answer and concludes that it provides an adequate disclosure of defenses and that it is not deceptive.

In his motion for a default judgment, Bourne contends that he was prejudiced by the delay in filing the answer because he did not believe the previous answer was the operative filing and because the previous answer was not sufficient to put him on

---

[1] Bourne was represented by counsel until December 15, 2009, when his counsel withdrew.

notice of the defenses.[2]  He also asserts that his treatment by the defendants was extreme and likens his case to the "vicious campaign of harassment," chronicled in Shahi v. Madden, 949 A.2d 1022 (Vt. 2008).[3]  Bourne argues that the court should enter default judgment against the defendants because of the delay in moving to file their answer and because, he charges, the answer is deceptive.

A party opposing a complaint must file a responsive pleading or face default.  Fed. R. Civ. P. 55(a).  Default may be set aside for good cause.  Fed. R. Civ. P. 55(c); Venegas-Hernandez v. Sonolux Records, 370 F.3d 18, 187 (1st Cir. 2004).  "[D]efault judgment is a drastic sanction that should be employed only in an extreme situation."  Stewart v. Astrue, 552 F.3d 26, 28 (1st Cir. 2009).  Good cause lacks a precise formula, and courts consider a variety of factors, including whether the default was intentional and whether the delay has caused prejudice to the plaintiff.  Venegas-Hernandez, 370 F.3d at 187.

Bourne attempts to make the underlying circumstances that

---

[2] Bourne's motion for summary judgment on the defendants' counterclaim, filed pro se, strongly suggests that he, along with his attorneys, have proceeded as if the original answer, which included the counterclaim, was still the operative filing.

[3] Shahi was decided by a jury verdict under Vermont law and appears to have no connection to the issue of default.

have fueled litigation in this case appear "extreme" to satisfy the requirements for a default judgment.  His effort is misplaced.  The grounds for a default judgment pertain to extreme conduct in the case itself, such as repeated delays or tactics that impeded the plaintiff's efforts to prosecute the claims.  <u>See</u> <u>id.</u>  In contrast, this case has proceeded without delay tactics imposed by the defendants, and Bourne offers no proof or even a suggestion that the defendants willfully failed to file their answer on time.  Under the circumstances, the defendants' inadvertent mistake has caused no prejudice.

Therefore, good cause is shown, and the defendants are allowed to file their answer.

II.  <u>Motion to Dismiss Counterclaim, Motion for Summary Judgment on Counterclaim</u>

The individual defendants move to dismiss their counterclaim for defamation.  Bourne moves for summary judgment in his favor on the counterclaim.  The defendants do not allege any counterclaims in their answer to the amended complaint.  Therefore, the motions addressing the counterclaim are moot.

4

III.   <u>Motion for Relief Under Rule 60</u>

As explained in the order issued on November 9, 2009, the parties were granted a narrow opportunity to move for reconsideration of the court's orders based on the final judgment in pending state court proceedings.  The court denied Bourne's motion for reconsideration in the November 9 order.  On December 15, 2009, Bourne, proceeding pro se, filed a motion for relief under Rule 60 and charges the defendants' counsel with misconduct.

Bourne's motion under Rule 60 challenges the summary judgment granted on June 29, 2007.  Motions under Rule 60(b)(1), (2), and (3) must be filed within a reasonable time and no more than one year after the order issues. Fed. R. Civ. P. 60(c)(1). Bourne has not shown grounds to consider his motion under Rule 60(b)(4), (5), or (6).  Therefore, the motion under Rule 60 is untimely.  In addition, to the extent Bourne is seeking reconsideration of the denial of his previous motion for reconsideration, that motion is also untimely.  LR 7.2(e). Further, the issues Bourne raises were considered and resolved in the court's previous orders without error and, therefore, are not grounds for reconsideration or relief under Rule 60.

Bourne alleges that the defendants' attorneys have made false statements to the court, have committed perjury, and have

5

withheld discoverable information from him.  His filings, however, do not provide a basis for disciplinary proceedings.  <u>See</u> LR 83.5, DR 5 & DR 6.

## Conclusion

For the foregoing reasons, the defendants' motion for leave to file their answer (document no. 158) is granted.

The plaintiff's motion to dismiss the counterclaim (document no. 136) and the defendants' motion for summary judgment on the counterclaim (document no. 139) are denied as moot.

The plaintiff's motion for a default judgment (document no. 165) is denied.

The plaintiff's motion for relief under Rule 60 (document no. 141) is denied.

SO ORDERED.

                                             */s/ Joseph A. DiClerico, Jr.*
                                             Joseph A. DiClerico, Jr.
                                             United States District Judge

January 25, 2010

cc:  Samuel Bourne, pro se
     Brian J. S. Cullen, Esq.
     Richard D. Sager, Esq.