UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Samuel J. Bourne

        v.                          Civil No. 05-cv-365-JD

Town of Madison, et al.


O R D E R


        Samuel J. Bourne, who is proceeding pro se, moves for
reconsideration of the court's order, issued on January 25, 2010,
which denied Bourne's motion for a default judgment, denied
Bourne's motion for summary judgment on the counterclaim, denied
Bourne's motion for relief under Federal Rule of Civil Procedure
60, and granted the defendants' motion for acceptance of their
answer.  The defendants filed a short objection, stating that
they relied on their previously-filed briefs and that the New
Hampshire Supreme Court's order, issued on January 13, 2010, has
no bearing on the matter pending here.  Bourne moved for leave to
file a reply to the defendants' objection.  The defendants'
object to the motion for leave to file a reply.  Bourne moves for
leave to reply to the objection.


I.  Reply

        Bourne characterizes the defendants' objection to his motion
for reconsideration as "misguided and deceptive."  He contends

that the defendants' mischaracterized the New Hampshire Supreme Court's order, issued on January 13, 2010, and failed to acknowledge that the state litigation had not ended prior to the January 13 order.  The defendants object to Bourne's request to file his reply on the ground that Bourne has not shown that it is necessary.  Bourne moves for leave to file a reply to the defendants' objection to his motion for leave to file a reply to their objection to his motion for reconsideration.

In the interest of a complete record, the court will allow Bourne's reply to the defendants' objection to his motion for reconsideration.  The court cautions Bourne, however, that his hyperbole and the lack of civility in the tone of his filings do nothing to advance his cause.  His motion for leave to file a reply to the defendants' objection to his motion for leave is baseless and is denied.


II.  <u>Motion for Reconsideration</u>

A motion seeking reconsideration must demonstrate that the court's order "was based on a manifest error of fact or law . . . ."  LR 7.2(e).  A motion for reconsideration "does not provide a vehicle for a party to undo its own procedural failures or allow a party to advance arguments that could and should have been presented to the district court prior to judgment."  <u>Iverson v.</u>

2

City of Boston, 452 F.3d 94, 104 (1st Cir. 2006) (internal
quotation marks omitted).

### A.   Denial of Bourne's Motion for Relief Under Rule 60

The court denied Bourne's motion for relief under Rule 60
because it was untimely under Rule 60 and LR 7.2(e) and because
the issues had been considered and resolved correctly in the
court's previous orders.  The court also concluded that Bourne's
filings did not provide grounds for disciplinary proceedings
against the defendants' attorneys.  Bourne moves to reconsider
the court's order on the ground that his motion was not untimely,
based on the date of the final judgment in the underlying state
court case.

Bourne misunderstands the limited nature of the opportunity
granted to the parties in this case to move for reconsideration
of the court's order on summary judgment, based on subsequent
decisions of the state court.  At the time the parties agreed to
that procedure, Bourne was represented by counsel.  Bourne's
counsel, on his behalf, agreed, as did the defendants' counsel,
to proceed in that manner.  Counsel and the court proceeded
accordingly.  As those matters have concluded, Bourne's attempt
to reopen the order on summary judgment is too late.

3

The new theory of timing Bourne argues on reconsideration does not apply to the circumstances of this case.  Although Bourne continues to argue that what he perceives to be outrageous conduct by the defendants supports his motion, the issues have been thoroughly considered and previously resolved.  Bourne has not shown that the denial of his motion for relief under Rule 60 was based on a manifest error of law or fact.

B.  <u>Motion for Default Judgment</u>

When the court discovered that the defendants had not filed an answer to Bourne's amended complaint and notified the parties of the omission, Bourne moved for a default judgment to be entered against the defendants.  The defendants objected to default judgment, noting that the parties had proceeded in the case as if the original answer were still in effect and moved for leave to file their answer, which was granted.  Bourne disputes the court's acknowledgment that the parties had proceeded in the case as if the original answer remained the operative pleading on the ground that the recently-filed answer raises new issues and defenses.

Although far from clear, it appears that Bourne objects to the defendants' arguments in other filings pertaining to conflicts with one of Bourne's neighbors, Roger Cyr.  The

4

defendants' answer, however, does not appear to mention Cyr, and Bourne has not cited a part of the answer where new issues or defenses are pled.

Bourne has not shown grounds to reconsider the court's order denying default judgment and allowing the defendants' to file their answer.

C.   <u>Motion for Summary Judgment on Counterclaim</u>

The defendants pled a counterclaim of defamation in their original answer.  In pretrial filings, the defendants sought a voluntary dismissal of the counterclaim, and Bourne moved for summary judgment on the counterclaim.  While those motions were pending, however, the defendants filed their answer to the amended complaint, which did not include the counterclaim.  As a result, the motions addressing the counterclaim, which no longer exits, became moot.

Bourne argues that the court should have allowed him to file a reply to the defendants' objection to his motion for summary judgment on the counterclaim before denying his motion as moot. Once a matter is moot, however, nothing remains to be decided, making the motion and Bourne's reply inoperative.  Therefore, there was no need to wait for further filings before denying the motion for summary judgment on the grounds of mootness.  The

5

court does not waste its resources deciding matters that are no longer in issue.

## Conclusion

For the foregoing reasons, the plaintiff's motion for leave to file a reply (document no. 186) is granted, and the reply was considered in deciding the plaintiff's motion for reconsideration.  The plaintiff's motion for leave to file a reply (document no. 190) is denied.

The plaintiff's motion for reconsideration (document no. 179) is denied.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

February 23, 2010

cc:  Samuel J. Bourne, pro se
     Brian J.S. Cullen, Esquire
     Richard D. Sager, Esquire