UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Samuel J. Bourne</u>

    v.                              Civil No. 05-cv-365-JD

<u>Town of Madison, et al.</u>


<u>O R D E R</u>

      Samuel J. Bourne, proceeding pro se, moves for imposition of sanctions against the defendants, whom he accuses of concealing and destroying evidence in this case. His motion appears to be prompted by an issue addressed at a Board of Selectmen's meeting on December 15, 2009, concerning shredding sensitive documents that were then in cold storage. The defendants object to the motion. Bourne seeks leave to file a reply, which is granted.

      In support of his motion, Bourne reviews what he considers to be multiple instances of discovery abuse in this case and in the related state court litigation and concludes that the defendants have concealed and destroyed evidence that should have been disclosed in this case. His suspicions were aroused by a reference in the minutes of selectmen's meeting to shredding sensitive documents. Bourne concludes that the defendants have concealed and destroyed evidence that should have been disclosed in this case. As a remedy, he asks the court to impose money sanctions against the defendants, to preclude the defendants from

using all of the evidence the defendants intend to use in this case, to grant a directed verdict or default against the defendants, to order criminal sanctions against them, to order the United States Marshal Service to investigate and prosecute the defendants, to order the defendants to produce concealed emails or to pay for every subpoena and deposition of the email addressees of concealed emails, and to instruct the jury that a presumption against the defendants arises from the destruction of evidence.

The defendants point out that the minutes of the selectmen's meeting show that the town was merely considering shredding old documents, not that documents pertinent to this case have been destroyed.  They submit the affidavit of Marcia Shackford, the Town Clerk of Madison, who states that no documents have been shredded, that the purpose of the requisition for a shredder mentioned in the minutes was a low cost means of disposing of old documents that contain private information.  Shackford represents that none of the documents scheduled for shredding pertain to this litigation, Bourne, or Class VI roads.

Bourne distrusts Shackford, along with the other town officials, and reiterates his belief that the defendants have intentionally withheld and concealed documents responsive to his

discovery requests. Bourne's suspicions and conjecture, however, are insufficient to support his motion.

The defendants also note that the emails and documents Bourne claims were concealed are not responsive to his discovery requests in this case. Most of the discovery requests and responses that Bourne relies on to show discovery abuse are from the state litigation. The letter responses by Robert King do not show discovery abuses in this case, and to the extent the court's intervention in discovery was needed, that was addressed by Bourne's counsel. Bourne has not shown that the defendants have engaged in discovery abuses in this case.

## Conclusion

For the foregoing reasons, the plaintiff's motion for leave to file a reply (document no. 185) is granted, and the reply was considered in support of the plaintiff's motion for sanctions (document no. 174), which is denied.

SO ORDERED.

                                        /s/ Joseph A. DiClerico, Jr.
                                        Joseph A. DiClerico, Jr.
                                        United States District Judge

February 23, 2010

cc: Samuel J. Bourne, pro se
    Brian J.S. Cullen, Esquire
    Richard D. Sager, Esquire