UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Samuel J. Bourne

   v.                                   Civil No. 05-cv-365-JD
                                        Opinion No. 2010 DNH 050

Town of Madison, et al.


O R D E R

After all but one of his claims were resolved through summary judgment and while his own motion and the defendants' motion for summary judgment were pending, Samuel Bourne moved for leave to amend his complaint.  The proposed amended complaint includes new allegations to support both the remaining claim and the claims that have been resolved against Bourne.  Bourne also seeks to add a defendant to and to remove a defendant from the remaining claim and to add a defendant to several of the dismissed claims.  The defendants object to the motion to amend.


Standard of Review

In general, "[t]he court should freely give leave [to amend a complaint] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Under that standard, leave to amend should be granted unless the amendment would be futile or would reward undue delay. Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 117 (1st

Cir. 2009).  In addition, a motion to amend may be denied for the moving party's bad faith, dilatory motive, repeated failure to cure deficiencies, and undue prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962).

"The bar for a plaintiff tendering an amended complaint is higher after a motion for summary judgment has been filed, as the plaintiff must demonstrate that the proposed amendments were supported by substantial and convincing evidence."  Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006) (internal quotation marks omitted); accord Brooks v. AIG SunAmerica Life Assurance Co., 480 F.3d 579, 590 (1st Cir. 2007). Further, although the "court has the power to revisit prior decisions . . . , as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice."  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (internal quotation marks omitted).  A defendant "should not be made to shoot at a continuously moving target."  Brooks, 480 F.3d at 590.

## Discussion

In his motion, Bourne seeks leave to amend his remaining claim, for intentional interference with contractual relations,

to include "updates," to add Robert D. King as a defendant, and to remove Eileen T. Crafts as a defendant.  Bourne contends that his proposed amendments are necessary because of an oversight by his previous counsel and because of new evidence, some of which he asserts was concealed by the defendants.  The defendants object that the proposed amended complaint includes more changes than Bourne reveals in his motion, that the motion to amend is too late, and that the claim of intentional interference with contractual relations against King is futile.

A.  <u>Amendments to Dismissed Claims</u>

As the defendants note, in addition to the changes to his claim for intentional interference with contractual relations, Bourne's proposed amended complaint includes new allegations to support the claims that have been resolved against him and seeks to add King as a defendant to several of the dismissed claims. All of Bourne's claims, other than his claim for intentional interference with contractual relations, were resolved against him through summary judgment.  Those claims were thoroughly litigated in motion practice, which included repeated motions for reconsideration.  Bourne provides no basis for allowing the

amendments he proposes for the dismissed claims.[1]  Therefore, Bourne has not shown extraordinary circumstances that would support leave to revive the claims that have been decided against him.

B.  **Amendments to Claim for Intentional Interference with Contractual Relations**

This case was filed four and a half years ago.  It was stayed for a period of time while the parties pursued litigation in state court.  After the state court matter was resolved, trial in this case was scheduled to begin in January, 2010.  The trial was continued to provide time for the court to consider Bourne's motion for summary judgment on the remaining claim of intentional interference with contractual relations.  The defendants were also permitted to file a motion for summary judgment on that claim.  The motions for summary judgment are pending.  Therefore, Bourne must meet the heightened standard to amend his complaint

---

[1] In fact, Bourne's motion for leave to amend fails to address the additional allegations in his proposed amended complaint, suggesting instead that he only seeks leave to amend the single remaining claim of intentional interference with contractual relations.

4

at this late date, which requires a showing that the proposed amendments are supported by substantial and convincing evidence.[2]

Bourne seeks leave to add Robert King as a defendant to the intentional interference with contractual relations claim and to remove Eileen Crafts from that claim. In support, Bourne states that a memorandum from King to Bourne's neighbor, Roger Cyr, which he discovered during a deposition taken on June 29, 2009, as part of a state court action, "clearly spells out all of the interference to be implemented by the other defendants selectmen [sic] John Aruda, and defendant selectmen [sic] Clifford Graves." Bourne provided a copy of the memorandum to support his motion.

"'To establish liability for intentional interference with contractual relations, a plaintiff must show: (1) the plaintiff had an economic relationship with a third party; (2) the defendant knew of this relationship; (3) the defendant intentionally and improperly interfered with this relationship; and (4) the plaintiff was damaged by such interference.'" Singer Asset Finance Co., LLC v. Wyner, 156 N.H. 468, 478 (2007)

---

[2]The defendants also argue that the claim against King is barred by the statute of limitations and that an amendment now would cause an unwarranted delay. The defendants, however, fail to address Bourne's charge that the evidence he relies on was previously concealed by the defendants. As a result, the defendants have not sufficiently developed those arguments to support their objection.

(quoting Hughes v. N.H. Div. of Aeronautics, 152 N.H. 30, 40-41 (2005)).  Factors to be considered in determining whether an actor's interference is improper are:

    (a) the nature of the actor's conduct,
    (b) the actor's motive,
    (c) the interests of the other with which the actor's conduct interferes,
    (d) the interests sought to be advanced by the actor,
    (e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other,
    (f) the proximity or remoteness of the actor's conduct to the interference and
    (g) the relations between the parties.

Roberts v. Gen. Motors Corp., 138 N.H. 532, 540-41 (1994) (quoting Restatement (Second) of Torts, § 767 (1977)).

The dispute between Bourne and the town involves the use and maintenance of a roadway, previously known as the Solomon Harmon Road.  The town asserted that the roadway was a Class VI road, available for public use, while Bourne asserted that it was his property.  In the course of the state litigation, the town obtained court orders that limited Bourne's improvements to the roadway.  Eventually, the state court held that the roadway was an easement that allowed public use for only six enumerated activities, which did not include snowmobile or other motor vehicle use.  The state court also held that evidence was lacking to show that a public highway was established by prescriptive use

and that neither public necessity nor convenience required laying out the Solomon Harmon Road as a Class VI road.

In this case, Bourne alleges that the defendants, the Madison Board of Selectmen, John R. Arruda, Clifford A. Graves, and Eileen T. Crafts, "wrongfully interfered with the installation of electrical power service and road maintenance being performed by contract by [Bourne] and third parties (viz., New Hampshire Electric Cooperative and various road maintenance contractors)." 2d Am. Compl. ¶ 70. Bourne proposes to add King as a defendant to the claim and to add allegations that the defendants compelled Bourne to litigate the legal status of the roadway to prove that their interference was unlawful. He also seeks to allege that King secretly met and conspired with town officials to harass Bourne by revoking his building permit, by denying subdivision approval, by attempting to arrest him, and by interfering with his right of way.

The memorandum on which Bourne relies to support his amendment was written by King to Bourne's neighbor, Roger Cyr. In the memorandum, King urges Cyr to raise certain issues during Cyr's appointment at the next selectmen's meeting. The actions King suggests are to ask the selectmen to fine Bourne if he obstructs the roadway, to work with a representative to change the law prohibiting dual use of Class VI roads by snowmobiles and

highway vehicles, to adopt a policy not to issue permits for construction on Class VI roads unless the owner agrees to maintain conditions to allow snowmobile use and to give public notice before issuing permits, to require prior approval for improvements to such roads, to address the issue of allowing utility poles on Solomon Harmon Road, and to develop a town policy to limit road improvements and construction of utility lines.  King also urged Cyr to get other Snowmobile Club members involved in the issue.

As such, the memorandum sets forth King's views about the use of the Solomon Harmon Road and advocates for his position that the road should be regulated in a way that would allow public snowmobile use.  King apparently hoped to recruit Bourne's neighbor, Cyr, to his point of view and also hoped that Cyr would motivate others to adopt that position.  Nothing in the memorandum suggests improper activity.  In the absence of substantial and convincing evidence to support his claim against King, Bourne has not met his burden to be permitted to amend the complaint at this point in the case.

Bourne also sought leave to remove Eileen T. Crafts as a defendant to the intentional interference with contractual relations claim.  That part of his motion is deemed to be brought pursuant to Federal Rule of Civil Procedure 41(a)(2).  Therefore,

the claim of interference with contractual relations against Crafts is dismissed without prejudice.

## Conclusion

For the foregoing reasons, the plaintiff's motion to amend (document no. 195) is denied.

The claim of intentional interference with contractual relations against Eileen T. Crafts is dismissed without prejudice.

SO ORDERED.

                                        _____
                                        Joseph A. DiClerico, Jr.
                                        United States District Judge

March 23, 2010

cc:   Samuel J. Bourne, pro se
      Brian J.S. Cullen, Esquire
      Richard D. Sager, Esquire